IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TRON N. HILL,

    Petitioner,

v.                              Civil Action No. 5:08CV96
                                          (STAMP)
JOE DRIVER, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

The pro se[1] petitioner, Tron N. Hill, was sentenced by the Superior Court of the District of Columbia on July 2, 1990, to a life term plus 180 days for voluntary manslaughter and attempted perjury. The petitioner then filed an application in this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging a decision by the United States Parole Commission ("the Commission") to deny him parole. The respondent filed a motion to dismiss and response to show cause order to which the petitioner responded. Thereafter, the petitioner also filed a motion for summary judgment to which the respondent did not respond.

This matter was referred to United States Magistrate Judge John S. Kaull for a report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.09. The magistrate judge

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (1999).

issued a report and recommendation recommending that the petitioner's § 2241 petition be denied and dismissed with prejudice, that the petitioner's motion for summary judgment be denied, and that the respondent's motion for summary judgment and response to show cause order be granted.  The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation.

The petitioner filed timely objections.  For the reasons set forth below, this Court finds that the report and recommendation by the magistrate judge should be affirmed and adopted in its entirety.

## II.  Facts

### A.  The Parole Hearings

The petitioner received his initial parole hearing on December 19, 2000, at which the petitioner's parole was denied and he was informed that he would be continued to a rehearing in July of 2002. The petitioner's second and third parole hearings on March 26, 2002 and November 1, 2004, respectively, yielded the same results, and the petitioner was continued to subsequent rehearings.

On January 31, 2008, the petitioner received his fourth parole consideration hearing.  At this hearing, the examiner recommended that the petitioner be continued to a presumptive parole date of September 30, 2009, after serving 235 months.  The reviewing

examiner disagreed with the hearing examiner's recommendation, however, and recommended a reconsideration hearing in February of 2011. The Commission concurred with the reviewing examiner. The Commission stated as reasons for departing from the guidelines that the petitioner was a more serious risk than indicated in the guidelines, that the guidelines did not take into consideration the brutality of the crime, that the petitioner had a violent criminal history, and the fact that the petitioner originally implicated his mother as the perpetrator of the crime. Consequently, the petitioner was denied parole and continued to a reconsideration hearing in January of 2011.

B.  The Petition

The petitioner filed the § 2241 petition currently before this Court, asserting three separate grounds for relief, which are generally as follows:

> (a) Ground One: The petitioner alleges that because the Commission waited until his fourth parole hearing in 2008 to depart from the guideline range, the Commission's denial of parole was arbitrary and capricious.
>
> (b) Ground Two: The petitioner alleges that by failing to follow the statutory criteria for parole, the Commission violated his due process rights when it failed to find the petitioner suitable for parole at his fourth hearing.
>
> (c) Ground Three: The petitioner alleges that the Commission violated the ex post facto clause to deny the petitioner parole because it used harsher guidelines than those of the former District of Columbia Parole Board.

3

C.  The Respondent's Motion to Dismiss

On July 30, 2008, the respondent responded to an order to show cause and filed a motion to dismiss for failure to state a claim for which this Court may grant relief. In that motion, the respondent argues: (1) the Commission's decision to deny the petitioner parole is not reviewable pursuant to the Administrative Procedure Act ("APA"); (2) the District of Columbia Code does not create a liberty interest in parole protected by the due process clause, and therefore, the petitioner cannot prove a due process violation; and (3) because policy guidelines are not "laws" for ex post facto purposes, and because the petitioner cannot prove that the new guidelines increased his punishment for the same crime, the petitioner cannot establish an ex post facto violation.

The petitioner filed a response to the respondent's motion to dismiss, reasserting that the Commission committed an ex post facto violation.

D.  The Petitioner's Motion for Summary Judgment

On November 20, 2008, the petitioner filed a motion for summary judgment asserting that no genuine issues of material facts remain. As support, the petitioner claims that because the respondent has admitted that it applied the revised parole guidelines to the petitioner, the respondent, therefore, admitted an ex post facto violation.

### III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." <u>See</u> <u>Webb v. Califano</u>, 458 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner has filed objections, this Court will undertake a <u>de novo</u> review as to those portions of the report and recommendation to which objections were made.

### IV. Discussion

A. <u>Ground One: Arbitrary and Capricious Standard</u>

In his petition, the petitioner argues that the Commission's decision to depart from the guidelines only after the petitioner's fourth parole hearing was arbitrary and capricious. Furthermore, in his objections to the magistrate judge's report and recommendation, the petitioner argues that judicial review is appropriate because the Commission was acting under color of state law pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997. This Court disagrees with the petitioner's contentions.

It is well-established law that a district court cannot review parole decisions under an abuse of discretion standard. <u>Garcia v. Neagle</u>, 660 F.2d 983, 988 (4th Cir. 1981). "Parole decisions are

5

therefore not subject to arbitrary and capricious or abuse of discretion review under the provisions of the Administrative Procedure Act." Page v. Pearson, 261 F. Supp. 2d 528, 530 (E.D. Va. 2003). This does not mean, however, that the Commission's determination concerning parole is completely immune from judicial review. Indeed, a district court may review a Commission's parole decision to determine whether it violates constitutional, statutory, regulatory or other restrictions. Id. See also Gruber v. United States Parole Comm'n, 792 F. Supp. 42, 43 (N.D. W. Va. 1992) ("[A] court may review the action if there is a claim that the agency has violated constitutional, statutory, regulatory or other restrictions, but may not review agency action where the challenge is only to the decision itself.").

In this case, the magistrate judge found that this Court could not review the Commission's decision denying the petitioner parole under an arbitrary and capricious standard. This Court agrees. Moreover, the National Capital Revitalization and Self-Government Improvement Act of 1997 is not applicable to the issue currently before this Court.[2] Accordingly, because the petitioner is challenging the Commission's decision, itself, this Court cannot

---

[2] The National Capital Revitalization and Self-Government Improvement Act of 1997 transferred the responsibility for offenders convicted under the District of Columbia Code, formerly with the District of Columbia Parole Board, to the United States Parole Commission. James R. Dillon, Doubting Demaree: The Application of *Ex Post Facto* Principles to the United States Sentencing Guidelines after *United States v. Booker*, 110 W. Va. L. Rev. 1033, 1074 n. 243 (2008).

review the Commission's action, and Ground One of the petitioner's complaint is without merit.

B. <u>Ground Two: Due Process Violation</u>

The petitioner next argues in his petition that his due process rights were violated when the Commission did not abide by the Parole Suitability Criteria, 28 C.F.R. § 2.73, and failed to grant him parole. Specifically, the petitioner claims that he satisfies the parole release criteria because he has observed the rules of the institution, there is a reasonable probability that he will live and remain at liberty without violating the law, and his release is not incompatible with the welfare of society.[3]

This Court makes no determination on whether the Commission failed to adhere to the Parole Suitability Criteria, or whether the petitioner meets such criteria for release. Rather, this Court recognizes that the "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." <u>Greenholtz v. Inmates of Nebraska Penal & Corr. Complex</u>, 442 U.S. 1, 7 (1979).

Furthermore, District of Columbia parole statutes do not create such a liberty interest. <u>Simmons v. Shearin</u>, 295 F. Supp. 2d 599, 602 (D. Md. 2003) ("The D.C. parole statute and

---

[3] In his objections, the petitioner, again, alleges that a due process violation occurred because the Commission was acting under color of state law pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997. This Court notes this Act's inapplicability to the petitioner's due process challenge, as well.

7

regulations, applicable to D.C. offenders . . . do not create any liberty interest in parole.") See also, e.g. Blair-Bey v. Quick, 151 F.3d 1036, 1047 (D.C. Cir. 1998) ("The D.C. Court of Appeals has found the applicable regulations not to create a liberty interest [in parole], and we agree."); Price v. Barry, 53 F.3d 369, 371 (D.C. Cir. 1995) ("[T]he District of Columbia Code under no circumstances compels the Board to grant a prisoner release. It therefore creates no 'expectancy of release' entitling a prisoner to due process protections.").

Accordingly, the petitioner cannot establish that the Commission violated his due process rights by denying him parole, and Ground Two of the petitioner's § 2241 petition must be denied.[4]

C.  Ground Three: *Ex Post Facto* Violation

Lastly, in Ground Three of his petition, the petitioner asserts that because he is a District of Columbia offender, the Commission is required to adhere to the District of Columbia guidelines that were in effect at the time of his crime.[5] Thus, alleging that harsher 1998 guidelines were improperly applied to him, the petitioner claims that an ex post facto violation

---

[4]This Court also agrees with the magistrate judge that Ground Two lacks merit, in the alternative, because the petitioner's argument concerning his eligibility for parole under the Parole Suitability Criteria is, again, a challenge to the Commission's substantive decision to deny him parole and not subject to judicial review.

[5]The petitioner contends that the 1987 guidelines by the District of Columbia Parole Board were in effect at the time of his crimes.

occurred. The petitioner reasserts this same argument in his objections to the magistrate judge's report and recommendation.

Ground Three of the petitioner's § 2241 petition must fail. "To fall within the ex post facto prohibition, a law must be retrospective --that is, it must apply to events occurring before its enactment-- and it must disadvantage the offender affected by it." Lynce v. Mathis, 519 U.S. 433, 441 (1997) (internal citations and quotations omitted). Nevertheless, because the Commission's guidelines are not considered laws, they cannot impose an ex post facto punishment upon the petitioner. See e.g. Warren v. Baskerville, 233 F.3d 204, 207 (4th Cir. 2000) ("A change in an administrative policy that was in effect at the time of a criminal's underlying offenses does not run afoul of the prohibition against ex post facto laws."); United States v. Demaree, 459 F.3d 791, 795 (7th Cir. 2006) ("[T]he ex post facto clause should apply only to laws and regulations that bind rather than advise, a principle well established with reference to parole guidelines whose retroactive application is challenged under the ex post facto clause."). The petitioner, therefore, cannot establish that an ex post facto violation occurred.

As the magistrate judge notes in his report and recommendation, however, even if parole guidelines were considered laws for ex post facto applicability, the petitioner has not shown that an ex post facto violation occurred in this case. Under both the 1987 District of Columbia guidelines, as well as the 1998

Commission guidelines, the parole board had discretion to depart from the guidelines to grant or deny parole to a candidate. Compare 28 DCMR § 204.22 ("The Board may, in unusual circumstances, waive the SFS and pre and post incarceration factors set forth in this chapter to grant or deny parole to a parole candidate."), with 28 C.F.R. § 2.80(n)(1) (allowing departures from guidelines in "unusual circumstances"). Therefore, the petitioner can only speculate whether he would have received more lenient treatment under the previous guidelines. Such speculation is not sufficient to show an ex post facto violation. For these reasons, this Court must deny Ground Three of the petitioner's § 2241 petition.

Accordingly, following review of the record and the parties' pleadings, this Court concludes that the magistrate judge's recommendations concerning the petitioner's § 2241 petition, the petitioner's motion for summary judgment, and the respondent's motion to dismiss, be affirmed and adopted.

## V. Conclusion

Based upon a de novo review, this Court finds that the report and recommendation of the magistrate judge should be, and is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, for the reasons set forth above, the petitioner's § 2241 petition is DENIED and DISMISSED WITH PREJUDICE, and his motion for summary judgment is also DENIED. Furthermore, the respondent's motion to dismiss and response to show cause order is GRANTED. It is further ORDERED

that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date that the judgment order in this case is entered. See Fed. R. App. P. 4(a)(1). He is further advised that a certificate of appealability is not required for a federal prisoner proceeding under 28 U.S.C. § 2241. See 28 U.S.C. § 2253(c) (certificate of appealability is required in a § 2255 proceeding or in a habeas corpus proceeding in which the detention complained of arises from process issued by a State court); see also Fed. R. App. P. 22; Drax v. Reno, 338 F.3d 98, 106 n. 12 (2d Cir. 2003).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: January 14, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE